## Zillweger v. Naccarato

*Mary Reitmeyer*, for plaintiffs.
*S. D. Hirshberger*, for defendants.

FINKELHOR, *J.*, December 19, 1979—Plaintiffs filed a complaint of a secured party against defendants, pursuant to a mortgage contract for the purchase of real property, to enforce an alleged security agreement covering equipment and inventory located within the property. Attached to the complaint is the mortgage agreement, a judgment note and a financing statement covering inventory and equipment.

Defendant has filed preliminary objections in the nature of a demurrer and alleges that a financing statement, standing alone, does not meet the prerequisites of a security agreement as set forth in the Uniform Commercial Code.

The issue is whether the financing statement, noted above, in conjunction with the other documents, establishes a security agreement between the parties.

Section 9-203(1)(b) of the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §9-203, provides that "a security interest is not enforceable against the debtor or third parties unless . . . (b) the debtor has signed a security agreement which contains a description of the collateral. . . ." Section 9-204 provides that "a security interest cannot attach until there is agreement . . . that it attach and value is given and the debtor has rights in the collateral."

White and Summers* in their treatise on the Uniform Commercial Code note: "No court has yet found that a financing statement standing alone meets the requirements of 9-203(1)(b) as a security agreement." In re Penn Housing Corp., 367 F. Supp. 661 (W.D.Pa. 1973).

---

*White & Summers, Uniform Commercial Code 790, §23-3.

496

In the Penn Housing case plaintiff's claim was supported not only by a financing statement, but by a series of 11 promissory notes and a letter from the debtor acknowledging the debt and a pledge of security. Based upon these supportive items, the District Court found a valid security agreement. In the instant proceedings, the financing statement is not reinforced by similar documents.

Therefore, after a careful review of the documents and the complaint, a security interest has not been established and defendants' preliminary objections are sustained.

### ORDER

And now, December 19, 1979, upon defendants' preliminary objections to plaintiffs' complaint, it is hereby ordered, adjudged and decreed that said preliminary objections are sustained and the complaint dismissed.